a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| HAKIM JAMAL KING #68503-066, Plaintiff | CIVIL DOCKET NO. 1:23-CV-01819 SEC P |
|---|---|
| VERSUS | JUDGE DRELL |
| A W COOPER ET AL, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Complaint (ECF No. 1) filed by pro se Plaintiff Hakim Jamal King ("King") pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). King is incarcerated at the United States Penitentiary in Pollock, Louisiana ("USP-P").

Because King fails to state a viable constitutional claim, his Complaint (ECF No. 1) should be DENIED and DISMISSED WITH PREJUDICE.

I. **Background**

King alleges that he was handcuffed, for "allegedly being under the influence of an unknown substance." ECF No. 1 at 12. He was "abruptly slammed to the ground" by Officer J. Mobley while being escorted to the medical department. While King was on the ground, other officers "jumped into the melee," grabbing King's limbs and head. *Id.*

1

King was brought to the Special Housing Unit and medically assessed. *Id.* An x-ray was taken after King expressed pain in his teeth and jaw. The x-ray revealed two fractured teeth and a fractured jaw. *Id.*

King was transported to Rapides Regional Medical Center and then to University Medical Center in New Orleans. Maxillofacial surgery was performed on January 30, 2023. King reports that additional surgery may be necessary. *Id.* at 13.

## II. Law and Analysis

### A. King's Complaint is subject to preliminary screening.

Because King is suing officers or employees of a governmental entity and proceeding *in forma pauperis*, his Complaint is subject to preliminary screening under 28 U.S.C. § 1915A and § 1915(e)(2). Both statues provide for sua sponte dismissal of a complaint, or any portion thereof, if a court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief

2

that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

### B. King fails to state a viable *Bivens* claim.

Although § 1983 entitles an injured person to money damages if a state official violates his or her constitutional rights, Congress did not create an analogous statute for federal officials. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1855 (2017). An implied damages remedy against federal officials in their individual capacities for the violation of an individual's constitutional rights was first recognized in *Bivens*.

The United States Supreme Court "has approved of an implied damages remedy under the Constitution itself" only three times: (1) in *Bivens*, to enforce "a damages remedy to compensate persons injured by federal officers who violated the prohibition against unreasonable search and seizures" in violation of the Fourth Amendment; (2) in *Davis v. Passman*, 442 U.S. 228, holding "that the Fifth Amendment Due Process Clause gave [a Congressman's administrative assistant] a damages remedy for gender discrimination"; and, (3) in *Carlson v. Green*, 446 U.S. 14 (1980), holding "that the Eighth Amendment Cruel and Unusual Punishments Clause gave [a prisoner] a damages remedy for failure to provide adequate medical treatment." *Abbasi*, 137 S. Ct. at 1854-55 ("These three cases—*Bivens*, *Davis*, and *Carlson*—represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself.").

The Supreme Court has developed a two-part test to determine if a *Bivens* claim may proceed. *Abbasi*, 137 S. Ct. at 1843. Because *Bivens* is a judicially crafted

remedy and not a statutory one like § 1983 courts should consider: (1) whether the case "presents a new context" and, if it does; (2) whether "there are any special factors that counsel hesitation about granting the extension." *Byrd v. Lamb*, 990 F.3d 879, 881 (5th Cir. 2021) (finding "the *Bivens* question is antecedent" to other issues in a case, including qualified immunity (internal quotations and citations omitted)). The Supreme Court has also strongly counseled against extending *Bivens* to new contexts, *Hernandez v. Mesa*, 140 S. Ct. 735, 744 (2020), and repeatedly held that such extensions are "a 'disfavored' judicial activity." *Abbasi*, 137 S. Ct. at 1857; *see also Oliva v. Nivar*, 973 F.3d 438, 442 (5th Cir. 2020) ("*Bivens* was the product of an 'ancient regime' that freely implied rights of action" and that "ended long ago."), *cert. denied*, 141 S.Ct. 2669 (2021).

For purposes of implying a damages remedy under the Constitution, a proposed *Bivens* claim is "new" if the "case is different in a meaningful way from previous *Bivens* cases" in which the Supreme Court had recognized a *Bivens* remedy. *Abbasi*, 137 S. Ct. at 1859. "Virtually everything else is a 'new context'" and the "understanding of a 'new context' is broad" . . . "because 'even a modest extension' of the Bivens trilogy 'is still an extension.'" *Oliva*, 973 F.3d at 442 (citations omitted).

In short, "the proper test is whether the case differs in a meaningful way from *Bivens*, *Davis*, or *Carlson*." *Canada v. United States*, 950 F.3d 299, 307 (5th Cir. 2020) (citing *Abbasi*, 137 S. Ct. at 1859; *Loumiet v. United States*, 948 F.3d 376, 381-82 (D.C. Cir. 2020)).

King's allegations present a "new context" even though he alleges a violation of the Eighth Amendment, which was at issue in *Carlson*. *Carlson* only recognized an implied damages remedy under the Eighth Amendment for failure to provide medical treatment. It did not create a cause of action for a prisoner's Eighth Amendment excessive force claim. *See Watkins v. Martinez*, No. 20-40781, 2022 WL 278376, at *1 (5th Cir. 2022) (Eighth Amendment excessive force claim raises a *Bivens* claim in a new context).

Because King presents a "new context," the Court must "contemplate whether there are 'any special factors that counsel hesitation about granting the extension.'" *Byrd*, 990 F.3d at 881. There are.

The United States Court of Appeals for the Fifth Circuit recently summarized, in an unreported decision:

> Congress has created a comprehensive scheme to govern suits brought by prisoners against federal jailers in the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, enacted fifteen years after *Carlson*. *See Ziglar*, 582 U.S. at 148–49; *Watkins*, 998 F.3d at 685. When enacting this legislation, "Congress had specific occasion to consider the matter of prisoner abuse and to consider the proper way to remedy those wrongs." *Ziglar*, 582 U.S. at 148. But Congress chose not to "provide for a standalone damages remedy against federal jailers" and arguably "chose not to extend the *Carlson* damages remedy to cases involving other types of prisoner mistreatment." *Id.* at 149; *see also Schweiker v. Chilicky*, 487 U.S. 412, 423 (1988). Since "Congress has repeatedly declined to authorize the award of damages," we may not do so, *Mesa*, 140 S. Ct. at 747, even if we thought the PLRA remedy was "inadequate" here, *Egbert*, 142 S. Ct. at 1806.

*Looper v. Jones*, 22-CV-40579, 2023 WL 5814910, *2 (5th Cir. 9/8/23).

Additionally, Congress has designed an alternative remedial structure under the Federal Tort Claims Act ("FTCA"). The Bureau of Prison's Administrative

5

Remedy Program also provides an alternative process foreclosing a damages remedy under *Bivens*. *See Sheldon v. Underwood*, 3:19-CV-2041, 2022 WL 1651463, at *6 (N.D. Tex. 2022), *report and recommendation adopted*, 2022 WL 1644443 (N.D. Tex. 2022); *Dudley*, 2020 WL 532338, at *8; *Begay v. Leap*, 3:17-CV-2639, 2019 WL 1318410, at *3 (N.D. Tex. 2019), *report and recommendation adopted*, 2019 WL 1315901 (N.D. Tex. 2019) (citations omitted); *Brunson v. Nichols*, 1:14-CV-2467, 2018 WL 7286410, at *3 (W.D. La. 2018) (citing cases). Even if the FTCA or grievance process does not provide the exact relief sought, the Supreme Court has been clear that the alternative relief necessary to limit *Bivens* need not provide the exact same kind of relief *Bivens* would. *Oliva*, 973 F.3d at 444.

### III. Conclusion

Because King fails to state a viable *Bivens* claim, IT IS RECOMMENDED that his Complaint (ECF No. 1) be DENIED and DISMISSED WITH PREJUDICE pursuant to §§ 1915 and 1915A.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and

Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Thursday, March 7, 2024.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE